**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT RAY BRYANT,

Petitioner,

v. Case No. 8:23-cv-620-CEH-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

Respondent.
_______________________________/

**ORDER**

Before the Court is Petitioner's Motion for Relief from Order(s), Decree(s) and/or Judgment(s) Rule 60 (Doc. 14). The Court construes the *pro se* motion as a motion for relief under Rule 60(b)(6), Federal Rules of Civil Procedure, which allows the Court to relieve a party from a final order for "any other reason that justifies relief." "[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors...includ[ing], in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck*, 580 U.S. at 123 (citation omitted).

Petitioner contends that he is entitled to relief because: 1) he is actually innocent of the crime for which he was convicted; and 2) the Court denied him a certificate of appealability before he had the opportunity to apply for one. The Court did not err in denying Petitioner a certificate of appealability at the time the Court denied his petition. *See* Rule 11(a), Rules

Governing Section 2254 Cases in the United States District Courts ("The district court *must* issue or deny a certificate of appealability *when it enters a final order adverse to the applicant*.") (emphasis added). And this Court lacks jurisdiction to consider Petitioner's new claim of actual innocence. *See Weekley v. Sec'y, Dep't of Corr.*, 2017 WL 11931373, at *1 (11th Cir. Feb. 1, 2017) (in section 2254 proceeding, the district court did not abuse its discretion by denying as an impermissible successive petition the petitioner's Rule 60(b) motion that raised, among other things, a new claim of actual innocence) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (holding that Rule 60(b) motions are impermissible successive habeas petitions if they raise a new ground for relief, or attack the federal court's previous resolution of a claim on the merits)). Thus, Petitioner fails to demonstrate extraordinary circumstances warranting relief.

Accordingly, it is **ORDERED** that:

1. The Rule 60(b)(6) motion (Doc. 14) is **DENIED**.

2. A certificate of appealability is also **DENIED** because the Rule 60(b)(6) motion presents no issue debatable among jurists of reason. *See* 28 U.S.C. § 2253(c); Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS; *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Finally, because Petitioner is not entitled to a certificate of appealability, he may not appeal *in forma pauperis*.

ORDERED in Tampa, Florida on August 4, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

cc: Counsel of Record; Petitioner, *pro se*